FROM the abstract herein we learn that plaintiff in error was arrested, tried in the municipal court of Denver, found guilty and fined, and that he appealed to the county court "where the ruling of the municipal court, namely, that the City and County of Denver has *Page 579 
jurisdiction in cases of this nature was affirmed." No further judgment is set out, and no evidence, and whether the trial was to the court or a jury we are not told. However, a copy of the charge appears as follows:
"The above named defendant to The City and County of Denver, Dr. To #00 Dollars for a violation of the Municipal Code of the City and County of Denver, Section .... Article .... Chapter ...., passed and approved the 26th day of July, A. D. 1927, in this, to-wit:
"That said above named defendant did violate said section of said chapter and article of said ordinance in the City and County of Denver and State of Colorado, on or about, to-wit, the 17th day of September, A. D. 1931, against the form of the ordinance in such case provided.
"L. C. Willis.
"Subscribed and sworn to before me this 17th day of September, A. D. 1931.
"Alvin H. Pickens, Municipal Judge."
This we have compared with the bill of exceptions only for the purpose of ascertaining if its defects were actual or typographical. We find them actual.
[1] Briefly stated this charge is that defendant on September 17, 1931, violated a municipal code adopted July 26, 1927. Nothing more. The particular ordinance involved, if such there be, the chapter, article or section, the act thereby commanded or prohibited, the thing it is charged defendant did or omitted, all are left to conjecture. Under no statute, system, or rule known to us, is this a charge. C. L. 1921, § 9440; 43 C. J., p. 463, § 656.
[2] The question assigned and argued is the jurisdiction of the municipal court, without reference to this charge. But we cannot overlook the fact that if the court otherwise had jurisdiction its action herein would be void for want of a complaint. The fine imposed has nothing to support it. If it be conceded that the bill of exceptions discloses the trial of an agreed case then it is sufficient to say that this does not appear from the abstract. *Page 580 
The judgment is therefore reversed and the cause remanded with directions to dismiss at the costs of defendant in error.
MR. JUSTICE BUTLER and MR. JUSTICE BOUCK dissent.