## No. 16,604.

Scott *v*. City and County of Denver.

(241 P. [2d] 857)

Decided Jaunary 14, 1952.  Rehearing denied March 10, 1952.

Mr. A. X. Erickson, Mr. Don B. Oliver, for plaintiff in error.

Mr. J. Glenn Donaldson, Mr. Abe L. Hoffman, Mr. E. F. Conly, Mr. Edward O. Geer, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

On March 27, 1950, in a document dignified by the label, "Summons" and "Complaint," plaintiff in error, herein referred to as defendant, was ordered to be in the municipal court on "2-13, 1950 to answer charge of D1C-55-56-57-52A-10A which occurred at 8th Ave. & Kalamath Date 2-4-50 1 16 A. M." Whatever this may be, so far as any record of the police court discloses, is left to conjecture. One guess is as good as another.

The comedy of the entire matter soon develops. Defendant appeared as per schedule, and to establish that he did not do all of these "numbers," he pleaded "not guilty." Fearing that a full quota of numbers had not been called to his attention, an additional number, namely, 1264 was added, as we learn from the scraps called a record. Whether or not this last number was an oral addition to the picture, we are unable to determine; however, someone must have said that intoxication was referred to by this sizable number and the court fined defendant ten dollars and two dollars costs, and suspended the entire amount.

We might well end this opinion by following the rule clearly announced by this court in *Sronce v. City and County of Denver*, 94 Colo. 578, 32 P. (2d) 186, where, in a discussion of a similar faulty complaint, we said, "Under no statute, system, or rule known to us, is this a charge." And we further said, "But we cannot

overlook the fact that if the court otherwise had jurisdiction its action herein would be void for want of a complaint. The fine imposed has nothing to support it." As there, the question of the sufficiency of the complaint in the instant case was not challenged. However, in the hope that we may not again be called upon to disapprove this loose practice, we now consider the errors growing out of it, and the errors on the appeal to the county court where the comedy again was staged as a return engagement. The city council enacted procedure to be followed in these cases, ordinance No. 71, series of 1948. The failure to follow that procedure, as so glaringly appears here, is inexcusable, especially where the violation of city ordinances are held to be in the nature of civil cases although of a quasi-criminal or penal nature where imprisonment may be inflicted. The direct blame for the miscarriage of justice that frequently attends is not to be placed upon anyone in particular, but upon a practice that seems to have grown up through an indifference to formalities in the desire to mete out fines and imprisonment in a summary fashion. However, the legal department of the city should well realize that the state does not maintain its courts with an allowance of time to be wasted in repeatedly determining these academic questions, and therefore it should provide the necessary forms in compliance with the statutes whereby those charged with the enforcement of the city's ordinances, and who are not always versed in legal proceedings, may be able to follow the simple rules of procedure, in fairness to the public.

To follow on, we note the summary in defendant's statement of the case, which, in dealing with the question of numbers in the so-called complaint, is, after the evidence was taken, as follows: Section 1264 (not in the complaint at all) referred to as intoxication, $12.00 fine, suspended; Section 55, driving motor vehicle while under the influence of intoxicating liquors, $60.00 fine; Section 56, referred to as reckless driving, dismissed;

Section 57, referred to as careless driving, $40.00 fine; Section 10, referred to as proceeding through the traffic control signal, $5.00 fine, dismissed; Section 52A, referred to as driving motor vehicle without operator's license, $10.00 fine. Defendant, not having an operator's or driver's license, paid the ten dollar fine, together with the three dollars assessed as witness fees and a dollar and a half representing a fee for appeal to the county court.

Certified to us is the transcript of the police court record showing that the court found defendant guilty as charged in the complaint (which would include each and every violation) and adjudged that "for said offense" the defendant be fined the sum of $100.00 and costs; however, on the reverse side of the transcript, the disposition of each particular section is noted as we have herein set out. Appeal bond in the sum of $200.00 was posted by defendant and in due course the case docketed in the county court.

First of all there is no complaint. What was relied upon as a complaint is as follows:

"The undersigned complainant knows or believes and so alleges that the defendant named in the summons attached hereto violated the ordinances of the City and County of Denver as set forth in said summons.

"Wherefore Judgment is demanded in favor of plaintiff and against defendant for the fine or other penalty provided by law."

It is apparent that in the adoption of the ordinance an attempt was made to follow the statutes of 1895 as amended, which related to police courts in cities of more than 50,000 population. These statutes, particularly section 39 of chapter 127, '35 C.S.A., provided that in all actions for the recovery of fines and penalties for the violation of ordinances, it was sufficient to state in the complaint the number of the section and title of the ordinance, together with the date of its passage, without stating the ordinance or section in full, or the substance

thereof. After the adoption of the home-rule amendment, now being section 6 of Article XX of the State Constitution as amended November 5, 1912, wherein and whereby the citizens of Denver were given all powers necessary, requisite or proper for the government and administration of its local and municipal matters, including "power to legislate upon, provide, regulate, conduct and control * * * (b) the creation of police courts; * * * (c) the creation of municipal courts; * * * (h) the imposition, enforcement and collection of fines and penalties for the violation of any of the provisions of the charter or of any ordinance adopted in pursuance of the charter," the citizens of Denver adopted an amended charter, a portion of section 219, Article XIV thereof is as follows: "The Council shall have power to enact and provide for the enforcement of all ordinances * * * to preserve and enforce good government * * *."

Unquestionably, under this grant of power, the city council of the City and County of Denver did pass ordinance No. 71, Series of 1948, relating to the municipal court and processes, procedure and appearance therein. It is apparent that in the drafting of this ordinance an attempt was made to provide for the commencement of police court actions covering all forms of ordinance violations. Due to the singular nature of circumstances surrounding traffic violations, it is difficult and often impracticable to follow the provisions of the ordinance and thus means for technical defenses is provided. In other words, the ordinance as it now stands is not all that may be desirable in the procedure for the prosecution of so-called traffic violations. This ordinance provided that an action for the violation of municipal ordinances should be commenced by the filing of a complaint with the clerk of the municipal court which shall state the name of the defendant; the sections and ordinances alleged to have been violated; the date and place of the alleged violation; that the defendant is known or believed to have committed such offense; and

be signed and sworn to by the person alleging violation. It further provides that upon the filing of the complaint, the clerk or a deputy shall issue and have served upon the defendant a summons or warrant for his arrest. In the instant case the so-called complaint is not even a partial compliance with the ordinance, and if the summons could be said to be in compliance therewith, then we are compelled to say that the ordinance providing for the complaint and summons is seriously defective in that, if the summons as set out herein is a sample of compliance, then the accused is left to surmise what the charge may be. There is too much doubt and uncertainty in the ordinance as to the procedure. It first sets out what a complaint shall be; it then provides that an affidavit may be sufficient as a complaint; it also provides that the clerk shall issue a summons, and then further provides that any member of the police department is authorized to issue a summons when he intends to file a complaint. The final authority for issuing a summons on a complaint must definitely be fixed. What is a complaint that would apprise the accused of the nature or substance of the charge should definitely be set out and summons issued on the complaint. However, in traffic violations, a strict compliance with such provisions might be in many instances impractical; therefore, the city council could by ordinance provide for, and authorize, the procedure to be followed in emergency traffic violations.

At this point we could properly direct that the judgment of the county court be reversed and the complaint upon which the matter was tried be dismissed not only for the reasons patent on the face of the record, but for the further reason that in the last analysis, nothing could here be involved except a five dollar fine for careless driving, because the violations for which defendant was fined in the police court, the jury in the county court acquitted him. However, we are called upon to determine the only question involved by the briefs in

this case, that is, was defendant, in a trial de novo in the county court, called upon to again have tried and determined violations which were dismissed against him in the police court, and a violation for which he paid a fine imposed. The city contends, in effect, that when appealed, the cause was picked up bodily and in toto out of the police court and all to be again submitted de novo, and further contends that it is one case and not separable. We cannot accept this contention; furthermore, section 18 of the ordinance provides that each act or series of related acts committed by the same person constituting violations of one or more sections of the ordinances may be consolidated for the purpose of filing the complaint, and the issuing of the summons, for the purposes of trial and appeal, but distinctly provides that the judge shall impose a separate fine or penalty for each offense.

At the outset of the trial in the county court, counsel for defendant, after the jury was sworn, and out of its presence, in what might be termed a motion, made the following statement, "The matter I want to take up, your Honor, is the question of just what we are to defend against * * *." In other words, counsel for defendant contended that defendant should not be called upon to defend against violations which had been dismissed in the police court and against the violation for which he had paid and satisfied the judgment.

The trial court, upon examination of the complaint, found that number 1264 was not in the complaint, therefore, it was dismissed, but ruled that defendant proceed to trial on all of the other violations charged in the police court. It is difficult to follow the line of reasoning advanced in support of the trial court's ruling. It is first to be observed that the city did not appeal within the three-day limit provided for such an appeal. A dismissal in the police court ended the particular violation so far as defendant was concerned; however, in civil cases, as these are said to be, the plaintiff city could have ap-

pealed, but it failed to do so. It cannot be said that its appeal on such dismissals was carried along with defendant's appeal. While the whole procedure is befogged with inconsistencies, it cannot be assumed that a defendant is appealing a case, or any part of it, in which he was acquitted or received a favorable determination. Each violation of a city ordinance is a case independent of the charged violations of other ordinances, although they may be included in one complaint, similar to different counts in a criminal information. That each violation is separable and carries its own penalty is clearly provided for in the ordinance, further demonstrated by the later action of the trial court in its instructions to the jury wherein, by separate instructions, each numbered section of the ordinance was set out in full, together with the penalty provided for a violation thereof. It is here noteworthy that the municipal judge treated the several violations not as one offense, but as separate and distinct violations when he determined that in the instance of one violation defendant was not guilty and the charge dismissed, while in another, he found defendant guilty and assessed the fine.

That defendant could not appeal from a judgment which he had voluntarily satisfied seems to be well settled. He voluntarily submitted to the conviction and discharged the entire penalty by payment. Nothing remained in which he had a legal interest. The satisfaction of a judgment by the one liable thereunder and a receipt by the opposite party, operates to extinguish it for all purposes. 49 C.J.S., p. 1058, §577.

It is to be presumed that the city was satisfied with the judgments of the municipal court because it did not perfect an appeal. If dissatisfied with the dismissals or the amounts of the fines, it had its right of appeal within the prescribed time. Under the permissible practice, because a complaint, if drawn according to ordinance contains a charged violation of more than one ordinance, it does not follow that it is one case. It is a

separable and divisible complaint and a conviction or dismissal under any section of the ordinance charged, is appealable by either party, and in such cases provision should be made that on appeal, the aggrieved party, either the city or defendant, may designate any charge for a trial de novo in the county court.

It is interesting to further note that the jury, under the instructions given in the county court, found defendant not guilty of violating section 55, driving under the influence of intoxicating liquor; not guilty of the violation of section 56, reckless driving; not guilty of violating section 10, driving through a stop signal; guilty of the violation of section 57, careless driving, and assessed a fine of five dollars; but the unbelievable part is that, on the violation of section 52A, referred to as defendant having no driver's license, for which he was fined ten dollars in the police court and conceded it, knowing that he had no defense because he had no driver's license, and paid the fine and the city received it, the jury in the county court found him guilty and assessed a fine of one hundred seventy-five dollars.

We do not care to discuss this ridiculous situation further. The judgment of the county court is reversed and the cause remanded with directions to set aside the judgments entered therein and dismiss the abortive police court complaint.