No. 18,816.

JOHN M. SCHOOLEY, MANAGER OF SAFETY, ETC. *v.*
VANDEN MURAL CAIN.
(351 P. [2d] 389)

Decided April 25, 1960.

Mr. JOHN C. BANKS, Mr. W. KEITH PETERSON, for plain-
tiffs in error.

Mr. STANLEY B. BENDER, Mr. S. MORRIS LUBOW, for
defendant in error.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

CAIN obtained an order for his discharge in habeas corpus proceedings, and the plaintiffs in error (referred to for brevity as Denver) seek reversal by writ of error. In oral argument here the parties agreed that only one question was to be resolved, and that is, whether the Municipal Court has the power to impose consecutive sentences for oridinance violations involving three separate and distinct transactions provable by different evidence.

Cain was charged with, and found guilty of, violation of three ordinances of Denver, all having counterparts in the statutes of the state. Having suffered the punishment inflicted for one of the violations — ninety days imprisonment and $300.00 fine — he instituted habeas corpus proceedings in the District Court of Denver, claiming that any penalty in excess of ninety days incarceration and $300.00 fine was beyond the power of the Municipal Court to impose.

In *Canon City v. Merris,* 137 Colo. 169, 323 P. (2d) 614, we construed that part of Article XX, Section 6 of the state constitution which provides that "Any act in violation of the provisions of such charter or of any ordinance thereunder shall be criminal and punishable as such when so provided by any statute now or hereafter in force." We held that "Even though an ordinance effectually covers a local and municipal matter, and it is a counterpart of a law of the state, its violation is triable and punishable as a crime where so designated by the statute. Such is the plain import of Article XX, Section 6. Thereby, uniformity in treatment and disposition of an offense is achieved, whether the act is a statutory crime in the area of Fremont County surrounding Canon City, or a violation of the ordinance in Canon City."

The quoted portion of Article XX, Section 6, and the construction thereof in *Canon City v. Merris* has application to the present case. Thereby, uniformity in the handling and disposition of violations of ordinances

having counterparts in the statutory law of the state is accomplished.

The trial and determination of the ordinance violations in question should have been in accordance with the criminal process of statutory offenses, and that being so, the Municipal Court could impose consecutive sentences.

Judgment reversed.