No. 19,043.

JAMES B. WIGGINS *v.* GERALD E. McAULIFFE, JUDGE OF
THE MUNICIPAL COURT, CITY AND COUNTY OF DENVER.
(356 P. [2d] 487)

Decided October 31, 1960.

Messrs. WORMWOOD, O'DELL & WOLVINGTON, Mr. PAUL
D. RENNER, for plaintiff in error.

Mr. HORACE N. HAWKINS, JR., MR. JAMES P. McGRUDER,
for defendant in error.

*En Banc.*

Mr. Chief Justice Sutton delivered the opinion of the Court.

Wiggins, after receiving a summons to appear in the traffic division of the Municipal Court in the City and County of Denver, filed a complaint in the district court for relief in the nature of a writ of prohibition under Rule 106 (a) (4), R.C.P. Colo. In the complaint it was alleged that the municipal court lacked jurisdiction in the matter, substantially for the following reasons:

1. The summons and complaint was defective in a material and substantive form required by law, in that it did not specify the date of passage by the City Council of the ordinance allegedly violated by Wiggins; and,

2. The subject matter of the ordinance which plaintiff was charged with violating, i.e. speeding, is a matter of statewide concern upon which the Legislature has acted and which has been preempted by the state statute.

The district court issued a citation directed to the municipal court requiring it to stay all proceedings against Wiggins, to certify to the district court a transcript of the record and proceedings theretofore had and completed, and to appear before the district court at a specified time and place and show cause why the relief prayed for in the complaint should not be granted. After denying motions to quash, the court, upon stipulated facts, entered judgment dismissing the complaint as to both claims.

We direct attention first to whether the summons and complaint were defective for the reason stated. The instrument in question is the standard "traffic ticket" upon which was indicated that Wiggins was accused of violation of Sec. 511.3 of the Revised Ordinances of the City and County of Denver; it further indicated that he was charged with driving six to ten miles an hour over

the legal speed limit. It was also indicated that he was charged with driving forty miles per hour in a thirty-mile zone. The location of the alleged offense and the date it occurred were also specified.

Wiggins contends that the contents of a summons and complaint is governed by C.R.S. '53, 139-84-13, 139-85-13 and 139-86-3. Each of these provide that it shall be sufficient (referring to ordinances dealing with actions for the recovery of fines or penalties) to state in the complaint or affidavit "the number of the section and title of the ordinance violated, together with the date of its passage, without stating said ordinance or section in full, or the substance thereof."

Counsel for Denver point out that these statutes do not govern the manner in which Denver as a home rule city may refer to an ordinance in a complaint and summons for its violation.

But, says Wiggins, in *Scott v. Denver,* 125 Colo. 68, 241 P., (2d) 857, where an abracadabra of numbers was used, a summons and complaint were held inadequate to advise the accused of the nature and substance of the charge against him and that the city should provide necessary forms "in compliance with the statutes * * *," and in *Sronce v. Denver,* 94 Colo. 578, 32 P. (2d) 186, the city did not give proper notice when it failed to set forth the section number or title of the ordinance but did set forth the date. He urges that these two decisions read together, establish as law "That the Supreme Court requires *both the date of passage and the section number and title* of the ordinance to be present * * *."

We think this statement is too broad. In both *Scott* and *Sronce* the defendant could not determine from the summons or complaint served upon him, with what he was charged, and it was held that they did not constitute proper notice. Here Wiggins could determine without difficulty the particular provisions of the ordinance he was charged with violating. Moreover, Denver had the power to, and did, enact its Revised Municipal

Code, compliance with which we deem to be sufficient to apprise a defendant of the offense charged against him.

On August 29, 1960, this court announced its opinion in *McIntosh v. City and County of Denver,* 144 Colo. 59, 355 P. (2d) 97, in which it was held that reference to the number of an ordinance allegedly violated, coupled with a general description of the offense charged (there "Prostitution" and "Concealed Weapons") was sufficient to charge violation of the ordinances mentioned and was sufficient to inform the accused of the nature of the charges against her. That ruling is controlling in the case before us.

We pass next to a consideration of the question of whether the regulation of speed is solely a matter of statewide concern, and whether the state has so preempted the field by statute as to exclude Denver from enacting valid ordinances on the subject.

Wiggins cites among other authorities *Ex Parte, Earle M. Daniels,* 183 Cal. 636, 192 Pac. 442, and *State v. Lingman,* 97 Utah 180, 91 P. (2d) 457, as authority for the proposition, "Where the words of the State Statute prohibit any change in the basic rule of speed regulation, there can be no delegated power left to the municipal corporation to change the basic rule of speed regulation." He then argues that C.R.S. '53, 13-4-33, provides only for a *prima facie* type of speed regulation by the state; that the Denver ordinance in question unlawfully provides for a *basic maximum* type of control; that such change is specifically prohibited by C.R.S. '53, 13-4-34 (2) and violates the general rule that an ordinance in conflict with a state law of general character and statewide application is universally held to be invalid. 37 Am. Jur. 787, §165.

In our view 13-4-34 (2), supra, is not applicable here, nor is 13-4-7 (e) cited by Denver, which permits all local authorities to regulate "the speed of vehicles" even though the state has its own statutes thereon "except

those highways designated as connecting links in the state highway system."

The reason that neither of these statutes, nor *Daniels* or *Lingman* are applicable to Denver is that under Article XX of the Constitution, speeding, which the statutes recognize as of both local and statewide concern, may be treated as a matter solely of local and municipal concern by charter cities. Denver has chosen so to do. *Cf. City and County of Denver vs. Pike* (1959), 140 Colo. 17, 342 P. (2d) 688.

The judgment is affirmed.