No. 20,222.

CITY OF PUEBLO *v.* NORMA J. CLEMMER.
(375 P. [2d] 99)

Decided October 1, 1962.   Rehearing denied October 22, 1962.

Mr. GORDON D. HINDS, Mr. JOHN R. NAYLOR II, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

IN its brief the City of Pueblo advises us that it is before this court "upon the single question: May a Municipal Court conviction be appealed once the fine has been voluntarily paid?" Pueblo seeks a negative response and contends that *Scott v. Denver,* 125 Colo. 68, 241 P. (2d) 857, contains the answer to the question in these words:

"That defendant could not appeal from a judgment which he had voluntarily satisfied seems to be well settled. He voluntarily submitted to the conviction and discharged the entire penalty by payment. Nothing remained in which he had a legal interest."

Here an appeal to the county court was resisted by a motion to dismiss. After hearing evidence on the voluntariness of the payment of the fine imposed by the municipal court, the county court denied the motion and Pueblo chose to stand on its motion. Judgment favorable to Norma J. Clemmer ensued and it is this judgment which Pueblo would have us reverse on the strength of *Scott v. Denver.*

█ If the premise of the question posed by Pueblo, that the fine had been voluntarily paid, were well-founded and indisputable, we would have a different issue before us from that which we now deem necessary to determine. But the county court found that the payment of the fine was involuntary. This finding was based upon disputed evidence and upon evidence from which disparate inferences could be drawn. Its appraisal of the evidence in this respect is not for us to gainsay. The record thus assayed, *Scott v. Denver* then appears to be inimical rather than amicable to the contention of Pueblo if reviewability of the judgment depends upon the involuntariness of payment of the fine. See *Reserve Co. v. Frankfather,* 123 Colo. 77, 225 P. (2d) 1035, 39 A.L.R. (2d) 146.

Since our decisions in *Canon City v. Merris,* 137 Colo. 169, 323 P. (2d) 614, and *Geer v. Alaniz,* 138 Colo. 177,

331 P. (2d) 260, ordinance violations imposing penalties as for crimes are no longer considered triable and disposable as civil cases. Imposition of criminal sanctions makes them crimes. Hence, the shame of criminality follows a determination of guilt of such offenses. Scott, Municipal Penal Ordinances in Colorado, 30 Rocky Mtn. L. Rev. 267, 284 (1958). See *Schooley v. Cain,* 142 Colo. 485, 351 P. (2d) 389.

Two consequences thus flow from a conviction: (1) infliction of the penalty of a fine or imprisonment, or both, and (2) the stain upon the name of the person convicted. The first is ordinarily temporal; the latter, lasting. It does not follow that the satisfaction of the first effects an erasure of the second. *People v. Chamness,* 109 Cal. App. 778, 288 Pac. 20; *People v. Shambley,* 4 Ill. (2d) 38, 122 N.E. (2d) 172; *Commonwealth v. Fleckner,* 167 Mass. 13, 44 N.E. 1053.

A sullied name and reputation is the natural byproduct of an erroneous conviction. *State ex rel. v. Killigrew,* 202 Ind. 397, 174 N.E. 808, 74 A.L.R. 631; *Barthelemy & De Bouillon v. People,* 2 Hill (N.Y.) 248. An executed sentence thereunder does not necessarily constitute a waiver of the right of review to have the taint cleared on the name of the person. Where he has involuntarily complied with the sanction imposed by the court, he nevertheless has the opportunity under the statute to have undone the dishonor and discredit of a conviction. *Commonwealth v. Fleckner,* supra; *Village of Avon v. Popa,* 96 Oh. App. 147, 121 N.E. (2d) 254.

Norma J. Clemmer steadfastly denied guilt before municipal and county courts. Conviction resulted in the municipal court, where she paid the fine assessed against her. Her payment of the fine was found by the county court to have been made unwillingly. Such finding was supported by evidence and inferences to be drawn therefrom, thus removing it from the ambit of our reviewing authority. Under such circumstances and

guided by the principles referred to, we hold that the case was properly appealable to the county court, at which level she should have been afforded the opportunity of clearing her name from whatever tarnish may have resulted from the conviction.

The judgment is affirmed.