## No. C-1378

### The People of the State of Colorado v. George S. Hizhniak

(579 P.2d 1131)

Decided May 30, 1978.                    Rehearing denied July 3, 1978.

Ronald W. Stock, City Attorney, for petitioner.

Donald K. Smith, for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This case comes to us on petition for a writ of ceritorari to the District Court of Logan County. Petitioner, the City of Sterling, Colorado, is a home rule city which asks this court to uphold its right to impose penalties for traffic speed violations which are harsher than those imposed by the state. Petitioner argues that authority to do so is based upon Section 6 of Article XX of the Constitution of Colorado, the home rule amendment, which reads in part:

"Home rule for cities and towns. The people of each city or town of this state, having a population of two thousand inhabitants as determined by the last preceding census taken under the authority of the United States, the state of Colorado or said city or town, are hereby vested with, and they shall always have, power to make, amend, add to or replace the charter of said city or town, which shall be its organic law and extend to all its local and municipal matters.

"Such charter and the ordinances made pursuant thereto in such matters shall supercede within the territorial limits and other jurisdiction of said city or town any law of the state in conflict therewith."[1]

We agree with Petitioner. Accordingly, we reverse the holding of the district court and reinstate the sentence entered by the trial court.

The facts are as follows. Respondent, George S. Hizhniak, was charged on June 11, 1976, with speeding 35 miles per hour in a 25 mile per hour zone. At the time he was clocked in excess of the speed limit, Mr. Hizhniak was traveling north on Sidney Avenue, a city street not part of the state highway system, in the City of Sterling.

Respondent was tried and convicted before a jury of violating Section 4-1 of Ordinance No. 16, Series of 1966, as amended by Ordinance No. 5, Series of 1971. These ordinances are the basic speed regulations of the city. The court fined Respondent $100 and sentenced him to ten days in jail.

---

[1] *Colo. Const.* Art. XX, Sec. 6. An amendment to Article XX later removed the restrictions on becoming a home rule city: "(4) It is the purpose of this section to afford to the people of all cities, cities and counties, and towns the right to home rule regardless of population, period of incorporation, or other limitation, and for this purpose this section shall be self-executing. It is the further purpose of this section to facilitate adoption and amendment of home rule through such procedures as may hereafter be enacted by the general assembly." *Colo. Const.* Art. XX, Sec. 9(4) (adopted Nov. 3, 1970, effective January 1, 1972).

Respondent appealed this conviction and sentence to the District Court of Logan County, which affirmed the judgment below. Respondent then petitioned for and was granted a hearing. On August 31, 1977, the district court affirmed the judgment in part, but held that the imposition of a jail sentence was improper "in that it allowed a municipality to impose a jail sentence in a matter in which the legislature has declared that the maximum penalty should be a fine." The judgment of the municipal court was reversed as to the jail sentence.

The ordinance in question is essentially identical to the state statute regulating speed limits, section 42-4-1001, *et seq.,* C.R.S. 1973. (1976 Supp.). The only difference relevant here is that the state statute provides for a maximum penalty of a $100 fine, while the ordinance provides for a maximum penalty of 90 days imprisonment, or a fine not exceeding $300, or both.

■ We hold that the regulation of traffic speeds upon a city street is a matter of local and municipal concern and, as such, falls within the scope of the home rule amendment. Therefore, the City of Sterling may regulate speed limits on its streets and prescribe its own penalties for violations thereof.

In reaching this result, we rely primarily upon our holding in *Wiggins v. McAuliffe,* 144 Colo. 363, 356 P.2d 487 (1960).[2] Reality requires the result we reach today. City governments are best able to assess local geography, weather, and road conditions in setting reasonable speed limits on their own streets.

Respondent contends, however, that regulation of traffic speeds cannot be a matter of local and municipal concern because the state has preempted the area, including penalties for speeding violations. Respondent relies upon section 42-4-1001(7)(f), C.R.S. 1973 (1976 Supp.), which states that "[t]he provisions of this subsection (7) are declared to be a matter of statewide concern requiring uniform compliance throughout the state."

We find Respondent's argument to be without merit. First of all, it rests upon the assumption that authority for a home rule city to regulate traffic speeds and penalize offenders is found in the laws of the General Assembly.[3] Clearly this assumption is false. The authority to regulate and

---

[2] Though not holding so expressly, this court has indicated in many other cases that regulation of traffic speeds on city streets is a matter of local concern. *See, Retallick v. Police Court of City of Colorado Springs,* 142 Colo. 214, 217, 351 P.2d 884, 885 (1960); *City and County of Denver v. Pike,* 140 Colo. 17, 342 P.2d 688 (1959); *Davis v. City and County of Denver,* 140 Colo. 30, 342 P.2d 674 (1959); *City of Canon City v. Merris,* 137 Colo. 169, 323 P.2d 614 (1958), *overruled on other grounds, Vela v. People,* 174 Colo. 465, 484 P.2d 1204 (1971); *People v. Graham,* 107 Colo. 202, 110 P.2d 256 (1941); *City and County of Denver v. Henry,* 95 Colo. 582, 38 P.2d 895 (1934).

[3] Statutory authority of municipalities to regulate traffic and prescribe penalties is set out in sections 42-4-108 and 42-4-109, C.R.S. 1973.

penalize matters of local concern is a matter of state constitutional law, under the home rule amendment. Hence, the authorizing statutes relied upon by Respondent are inapplicable to a home rule city.

Furthermore, the statute quoted by Respondent as preemptive must be read in its entire context. Paragraph (a) of section 42-4-1001(7), C.R.S. 1973 (1976 Supp.), states:

"It is declared to be the purpose of the general assembly that the state of Colorado place itself in a position to receive its full share of funds to be apportioned by the congress of the United States for expenditures on federal-aid highways in this state and to secure to all persons in this state the demonstrated benefits of the increased traffic safety and fuel conservation which may be inherent in any national uniform maximum speed limit."

It is clear that if the state preempted the field of traffic speed regulation by this language, it did so only as to state roads and highways and as to maximum speed limits, in order to avail itself of federal funds. Regulation in these areas has a strong state interest. But in this case we are dealing with a city street and a local interest. Again, the statute is not applicable.

Under the home rule amendment, once a matter is determined to be a matter of local and municipal concern, any local ordinance in a home rule city addressing the matter will supercede a conflicting state statute. *Vela v. People,* 174 Colo. 465, 484 P.2d 1204 (1971). Therefore, our holding above makes it unnecessary to reach the question of conflict, since the Sterling ordinance will prevail whether or not a conflict exists.

Reversed.