Gary PAULU, Plaintiff-Appellant
and Cross-Appellee,

v.

LOWER ARKANSAS VALLEY COUNCIL OF GOVERNMENTS, Defendant-Appellee and Cross-Appellant,

and

The Trustees of the Consortium of State Colleges in Colorado and the University of Southern Colorado, Third-Party Plaintiffs, Defendants-Appellees and Cross-Appellees,

and

Southern Colorado Economic Development District, Third-Party Defendant, Defendant-Appellee and Cross-Appellee.

No. 82CA0269.

Colorado Court of Appeals,
Div. I.

Sept. 16, 1982.

As Modified on Denial of
Rehearing Oct. 14, 1982.

Certiorari Denied Dec. 13, 1982.

Andersen & Gehlhausen, John Gehlhausen, Lamar, for plaintiff-appellant and cross-appellee.

Mitchell & Mitchell, P.C., Michael T. Mitchell, Rocky Ford, for defendant-appellee and cross-appellant.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Joel W. Cantrick, Sp. Asst. Atty. Gen., Nancy Connick, Asst. Atty. Gen., Denver, for third-party plaintiffs, defendants-appellees and cross-appellees.

KELLY, Judge.

Plaintiff, Gary Paulu, appeals the trial court's ruling that his employer, defendant Lower Arkansas Valley Council of Governments (LAVCOG), is excepted from the definition of "employer" under § 8–4–101(6), C.R.S.1973. LAVCOG cross-appeals, contending that the trial court erred by accepting extrinsic evidence to interpret Paulu's employment contract. We affirm the judgment and dismiss the cross-appeal.

From 1972 to 1975 Paulu was employed by LAVCOG in the position of Planning Director. When his employment was terminated, LAVCOG sent him a letter promising to recognize "appropriate termination benefits" but refused his demand for accumulated vacation benefits. Paulu sued for $1,951.20 in vacation benefits, claiming that he was also entitled to the 50% penalty provisions of § 8–4–104(3), C.R.S.1973, and attorney's fees under § 8–4–114, C.R.S. 1973. The trial court ruled that although Paulu was entitled to the vacation pay pursuant to his employment contract, LAVCOG did not fit the definition of an "employer" under § 8–4–101(6), C.R.S.1973, and thus was not liable for the penalty or the attorney's fees provisions under that article. We agree.

■ Section 8–4–101(6), C.R.S.1973, provides:

" 'Employer' means every person, firm, partnership, association, corporation, migratory field labor contractor or crew leader, receiver, or other officer of court in Colorado, and any agent or officer thereof, of the above mentioned classes, employing any person in Colorado; except that *the provisions of this article shall not apply to counties, cities and*

*counties, municipal corporations,* quasi-municipal corporations, school districts, and irrigation, reservoir, or drainage conservation companies or districts organized and existing under the laws of Colorado." (emphasis added)

The LAVCOG Articles of Association reveal that it is an organization composed of the county and municipal governments of the counties of Baca, Bent, Crowley, Kiowa, Otero, and Prowers. Since counties and municipal corporations are excepted from the definition of "employer," an association which consists of counties and municipal corporations is also excepted.

Paulu contends that, since LAVCOG was created under § 29–1–204(4), C.R.S.1973, it is a "public corporation" and thus a "corporation" within the definition of "employer." Nevertheless, we agree with the trial court that the word "corporation" in § 8–4–101(6), C.R.S.1973, refers to private corporations, since municipal and quasi-municipal corporations are mentioned separately as exceptions.

■ Paulu correctly asserts that LAVCOG's cross-appeal on an issue concerning the employment contract is moot because LAVCOG voluntarily satisfied the judgment. The defendant cannot appeal from a judgment which it voluntarily satisfied. *Scott v. City & County of Denver,* 125 Colo. 68, 241 P.2d 857 (1952). Courts may determine only live questions between parties who are interested in or affected by such determination. *Knowles v. Harrington,* 45 Colo. 346, 101 P. 403 (1909). Although plaintiff accepted the benefit of LAVCOG's satisfaction of the judgment, his appeal is not barred because it is based on his statutory claim, which was denied, and not on his contract claim, on which he prevailed. *See In re Marriage of Jones,* 627 P.2d 248 (Colo. 1981).

The judgment is affirmed, and the cross-appeal is dismissed.

COYTE and VAN CISE, JJ., concur.