No. 19,255.

GERALDINE M. McINTOSH *v.* CITY AND COUNTY OF DENVER.
(355 P. [2d] 97)

Decided August 29, 1960. Rehearing denied September 19, 1960.

Mr. ROLLIE R. ROGERS, Mr. LEW E. McCLAIN, Mr. FRANCIS W. BROWN, for plaintiff in error.

Mr. DONALD E. KELLY, Mr. JAMES P. McGRUDER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

Plaintiff in error, to whom we will refer as Geraldine, was brought before the municipal court of the City and

County of Denver on a complaint, or summons, which purported to charge violation by her of several ordinances of the city. She denied her guilt and upon trial was found guilty on those specifications in the complaint purporting to accuse her of carrying concealed weapons, and of prostitution. She appealed to the Superior Court where she pleaded guilty to the charge relating to the concealed weapon. She was found guilty of prostitution and the penalty imposed for each offense was a fine of $300.00 and ninety days in jail.

No point is urged in this cause concerning the validity of the ordinances under which the action was commenced nor concerning the jurisdiction of the court to hear and determine the cause on its merits. Neither in the municipal court nor in the Superior Court on appeal was any question raised concerning the sufficiency of the complaint to properly charge violation of the particular ordinances to which reference is made therein.

The summons and complaint served upon Geraldine directed her "to appear before this court [municipal court] at the time and place shown below to answer charges of violations indicated below, of the Revised Municipal Code, which occurred in the City and County of Denver, Colorado, at 2652 Lafayette St. on or about 5-17-59 (Time) 12:15 A.M." The names of two witnesses or complainants appear on the complaint.

The reference in the complaint to the ordinances allegedly violated by Geraldine appears in a space provided in the printed form as follows:

| SEC. NO. | RELATING TO |
|---|---|
| 823-5-1 | Prostitution |
| 846-1-1 | Concealed weapons |

The complaint concludes with the following:

"The above complainant knows or believes and so alleges that the above named defendant violated the above sections of the Revised Municipal Code of the City and County of Denver, and further certifies that a copy of

this summons and complaint was duly served upon the above named defendant as provided by law."

It is argued for reversal of the judgment that the complaint is fatally defective in that it did not adequately inform Geraldine of the specific charge made against her. Her counsel cite the case of *Scott v. City and County of Denver,* 125 Colo. 68, 241 P. (2d) 857, as authority for this argument.

The council of the city and County of Denver has " * * * power to legislate upon, provide, regulate, conduct and control * * * the creation of municipal courts, * * * the imposition, enforcement and collection of fines and penalties for the violation of any of the provisions of the charter or of any ordinance adopted in pursuance of the charter." (Section 6, Article XX, Constitution of Colorado.) The pertinent charter provision (Article XIV, section 219) provides that: "The Council shall have power to enact and provide for the enforcement of all ordinances * * *."

Following the opinion of this court in *Scott v. City and County of Denver,* supra, the city adopted the following ordinance, being Sec. 152.3 of the Revised Municipal Code:

"152.3 Form of complaint and/or summons. Every complaint and/or summons shall state the name of the defendant, the Code section numbers or ordinance and section numbers alleged to have been violated, the type of offense to which each of said sections relates, the date and place of each alleged violation, and that the defendant is known or believed to have committed such offense or offenses; and that the defendant is required to appear to answer the charges on a date and at the time and place designated in the complaint and/or summons. * * * "

We hold that under this procedural ordinance the complaint was sufficient to allege a violation of the ordinances to which reference was made. No request was made in the trial court for a more particular state-

ment of the alleged offenses. Geraldine might have been entitled to further information had any request been made to require a more particular identification of the alleged offense, if she had any doubt with reference thereto. The complaint contained sufficient allegations to allege the violation of the ordinances mentioned and Geraldine cannot successfully urge in this court that she was not sufficiently informed concerning the nature of the charges against her.

As a second ground for reversal it is contended that the evidence offered failed to support the judgment of guilt upon the charge relating to carrying concealed weapons. It is sufficient to say that Geraldine voluntarily entered a plea of guilty to this charge and it was not thereafter necessary for the city attorney to go forward with proof to establish her guilt.

The judgment is affirmed.

MR. JUSTICE HALL and MR. JUSTICE DOYLE concur.