No. 18,585.

ESTHER CRYSTLE PICKETT v. CITY OF BOULDER.
(356 P. [2d] 489)

Decided November 7, 1960.

Mr. NORTON FRICKEY, for plaintiff in error.

Mr. JOHN R. MACK, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

IN the trial court plaintiff in error, to whom we will refer as Esther, was adjudged, "* * * guilty of a violation of a traffic ordinance of the City of Boulder, to-wit: failure to stop at a flashing red school light; * * *." The action originated in the municipal court of Boulder and came before the county court on appeal.

The only instrument served upon Esther, and the one document purporting to serve the function of complaint against her, was captioned "SUMMONS" and reads as follows:

"THE PEOPLE OF THE CITY OF BOULDER AND STATE OF COLORADO. To the above named defendant, GREETING:

"You are hereby ordered to be in the Municipal Court, Municipal Building, Boulder, Colorado, at 2:30 P.M. on Nov. 15, 1957, to answer charges that you violated the following sections of the ordinances of the City of Boulder, to-wit:

"Sections 20-66 of Ordinance No. 1996, school light.

"Sections ............... of Ordinance No. ............... at 17th & Baseline in the City of Boulder on Nov. 6, 1957, against the form of the ordinance in such case provided.

"If you disregard this summons a warrant will issue for your arrest and commitment to jail, and you will be subject to additional fine and jail sentence.

M. Cochran

Clerk of the Municipal Court

"Boulder, Colorado, Nov. 13, 1957. By.............................

Deputy Clerk"

"JPC-2500-2-57
WALKER"

On the back of the summons was printed in part the following:

"You must appear at the TRAFFIC VIOLATIONS BUREAU of the Municipal Court, Municipal Building, 1777 Broadway, within seven days to answer charges as Indicated above that you have violated ordinances of the City of Boulder, Colorado."

WALKER

For the City of Boulder, Colorado"

Counsel for Esther filed what he calls a "Motion to Quash." Paragraph 4 thereof reads as follows:

"That the purported summons does not state, either in law or in fact, a crime or an offense under the Statutes of the State of Colorado or the Municipal Code for the City of Boulder, Colorado."

A written request for jury trial was filed by counsel for Esther on December 31, 1957. The trial court denied the Motion to Quash and the request for jury trial was refused. The case came on for trial to the court on January 8, 1958.

The question presented is whether the "summons" in the above form is sufficient to allege that Esther violated an ordinance of the City of Boulder. The ordinance referred to as "Sections 20-66 of Ordinance No. 1996, school light" is substantially the same as C.R.S. 1953, 13-4-14. Under Article XX, section 6 of the Colorado Constitution we think the ordinance relates to a matter of local and municipal concern and its adoption a proper exercise of the legislative power of the city. Nevertheless one prosecuted for a violation thereof is entitled to the full protection afforded by the law in criminal cases. This is made clear by the constitution which specifically provides that:

"Any act in violation of the provisions of such charter or of any ordinance thereunder *shall be criminal and*

*punishable as such* * * *." (Emphasis supplied.) *Canon City v. Merris,* 137 Colo. 169, 323 P. (2d) 614.

■ An examination of the "summons" above set forth will readily disclose that in substance it is nothing more than a direction to Esther to appear at a certain time and place, there to answer to charges which presumably will be made by a complainant.

In the recent case of *McIntosh v. City and County of Denver,* 144 Colo. 59, 355 P. (2d) 97, a conviction based upon an instrument described as a "Summons and Complaint" was upheld. It contained, inter alia, the following:

"The above complainant knows or believes and so alleges that the above named defendant violated the above sections of the Revised Municipal Code of the City and County of Denver, * * *."

Under the procedural ordinance adopted by Denver the above language, together with specific references to time and place, was held sufficient to charge the commission of an offense. The "summons" in the instant case contains no such averment. We think *McIntosh v. Denver,* supra, expresses the ultimate limit in informality in connection with prosecution before municipal courts. The "summons" before us does not charge Esther with the violation of any ordinance, and a "conviction" based thereon cannot stand.

The judgment is reversed and the cause remanded with directions to dismiss the action.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE DAY concur.