197 So.2d 456

**OPINION OF THE JUSTICES.**

**No. 187.**

Supreme Court of Alabama.

March 28, 1967.

Opinion of the Justices of the Supreme Court in answer to questions propounded by the House of Representatives, under Section 34, Title 13, Code of Alabama 1940.

*House Resolution No. 39*

RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That the Honorable Chief Justice and Associate Justices of the Supreme Court of Alabama, are respectfully requested to give this body their written opinions concerning the following important constitutional questions which have arisen in reference to the pending bill, H.B. 152, a true copy of which is attached hereto and incorporated herein by reference:

1. Does this bill propose a local law within the meaning of Article 4, Section 110 of the Constitution of Alabama?

2. Does this bill propose a local law violative of Article 4, Section 105 of the Constitution?

3. Are the provisions of Section 4 of the bill violative of Article 6, Section 158 of the Constitution?

4. Do the provisions of the bill provide for an unconstitutional delegation of judicial power?

H.B. No. 152 is as follows:

A BILL
TO BE ENTITLED
AN ACT

To further regulate the Probate Court and Office of the Judge of Probate in all counties having a population of 600,000 or more according to the last or any subsequent federal decennial census; to provide for and create the office of Assistant Judge of Probate of such Probate Court and Office of Judge of Probate; to authorize and empower the Judge of Probate of such counties to delegate duties and authority to such officer, and to prescribe further the authority, power and duties of such office, and to further provide for such office and the duties, authority and compensation for such office.

BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

Section 1. This Act shall apply to Probate Courts and to the Office of Judge of Probate in all counties having a population of 600,000 or more, according to the last or any subsequent decennial federal census. There shall be an Assistant Judge of Probate, who may be designated Associate Judge of Probate, in each said county, who shall be learned in the law, who shall be appointed by the Judge of Probate from a list of three eligibles selected and submitted to him as follows: If there is in such county a Judicial Commission pursuant to law or any amendment to the Constitution of Alabama to select eligibles for appointment to vacancies in the office of Circuit

Judge in such county, the Judicial Commission shall accept applications and submit the names of the three best qualified persons to the Judge of Probate, in the same manner as the Judicial Commission would select eligibles for appointment to a Circuit Judge vacancy. If there is no such Judicial Commission in such county, then a committee composed of three members— (1) one of whom shall be a circuit judge of such county appointed by the presiding judge of the circuit court of such county, (2) one shall be a practicing lawyer experienced in probate court matters in such county to be appointed by the president of the Bar Association having the largest membership in such county, and (3) one shall be a non-member of the Bar Association appointed by the County Commission or other county governing body—shall receive applications and certify the three deemed best qualified for such office. Vacancies shall be filled in like manner. The members of such Judicial Commission or other committee shall serve without compensation for such services.

Section 2. The Judge of Probate of each such county is hereby authorized and empowered to delegate and assign to the Assistant Judge of Probate all such administrative and judicial duties and authority, with which he is authorized and charged by law, as in his discretion may be necessary or convenient for the efficient operation of the probate court and office of Judge of Probate of such county. Under the general authority, supervision and direction of the Judge of Probate, such Assistant Judge shall be the chief administrative officer of such probate court, and further shall have the following authority and powers:

1. To issue letters testamentary, of administration and of guardianship.

2. To administer oaths relating to the business of the court, and take and certify acknowledgements and proof of instruments authorized to be recorded.

3. To solemnize matrimony, approve bonds, and appoint guardians ad litem and administrators ad litem.

4. To admit wills to probate and record, and to pass and allow accounts of executors, administrators and guardians.

5. To appoint notaries public and to appoint legal representatives for recipients of public assistance funds, when such duties and authority is vested in the judge of probate.

6. To do all other acts and things and perform all other duties, ministerial and judicial, that the judge of probate could do and perform, except to hear and grant writs of certiorari and writs of habeas corpus.

7. The Assistant Judge shall be a full time employee and shall not engage in any other employment.

All of the official acts of such Assistant Judge of Probate shall be performed in the name of the judge of probate, except when there is a vacancy in that office. During the absence, sickness, disability or any disqualification of the judge of probate, the Assistant Judge shall have full power and authority to perform any of the duties, sit on any commission, board or appointing authority, and shall exercise the same rights and acts as the judge of probate is authorized or required by law. Said Assistant Judge of Probate shall be authorized to exercise the authority and perform the duties of the Clerk and Register of said court.

Section 3. Such Assistant Judge of Probate, before he enters upon his duties, must take the oath directed to be taken by the officers of this state, and give bond, with surety, in the manner and as required of the chief clerk of the probate court under the same conditions and penalties as

are provided in Section 301 of Title 13, Code of Alabama of 1940, as amended, by 1958 Recompiled Code, and other provisions of law applicable to such office in such county, the costs and expenses of which shall be paid for as costs of the official bonds for other county officers in such county are paid.

Section 4. In the event of death or resignation of the Judge of Probate of such county, the Assistant Judge of Probate shall serve as Judge of Probate during the interim until the new Judge of Probate takes office pursuant to law.

Section 5. The Assistant Judge of Probate shall be a county officer, and shall serve under the provisions of laws applicable to such office, and he shall be entitled to the same benefits as other county officers are entitled. He shall be subject to the same liabilities, penalties and responsibilities for his acts as are provided by law for or on the Judge of Probate. The Assistant Judge (or Associate Judge) shall hold office for the term of the judge appointing him, but subject to removal by the Judge for cause by order to be entered at length on the minutes of the court. The beginning salary for the first named Assistant Probate Judge shall be a sum not less than $15,000.00 nor more than $16,500.00 per year, to be fixed and approved by the County Commission or other County Governing body, and such salary shall be increased or lowered as other county officers salaries are increased or lowered and paid.

Section 6. The provisions of this Act are severable. If any part of the Act is declared invalid, such declaration shall not affect the part which remains. This Act is cumulative.

Section 7. This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.

The House of Representatives
State Capitol
Montgomery, Alabama

Dear Sirs:

We are in receipt of House Resolution No. 39 wherein the opinion of the Justices of this Court is requested as to whether House Bill 152 violates certain designated sections of the Constitution of Alabama of 1901. The first three questions relate respectively to Sections 110 and 105 of Article 4, and Section 158 of Article 6 of our Constitution.

The fourth question is as follows:

"4. Do the provisions of the bill provide for an unconstitutional delegation of judicial power?"

We shall first consider this fourth question.

The following provisions of our Constitution, or pertinent portions thereof, must be looked to in arriving at an answer to question 4, supra.

"Section 139. The judicial power of the state shall be vested in the senate sitting as a court of impeachment, a supreme court, circuit courts, chancery courts, courts of probate, such courts of law and equity inferior to the supreme court, and to consist of not more than five members, as the legislature from time to time may establish, and such persons as may be by law invested with powers of a judicial nature; * * *"

"Section 149. The legislature shall have power to establish in each county a court of probate, with general jurisdiction of orphans' business and with power to grant letters testamentary and of administration; provided, that whenever any court having equity powers has taken jurisdiction of the settlement of any estate, it shall have power to do all things necessary for the settlement of such es-

tate, including the appointment and removal of administrators, executors, guardians, and trustees and including action upon the resignation of either of them."

"Section 152. The chief justice and associate justices of the supreme court, judges of the circuit courts, *judges of probate courts,* and chancellors shall be elected by the qualified electors of the state, circuits, counties, and chancery divisions, for which such courts may be established, at such times as may be prescribed at law, except as herein otherwise provided." (Emphasis ours.)

"Section 155. Except as otherwise provided in this article, the chief justice and associate justices of the supreme court, circuit judges, chancellors, and judges of probate, shall hold office for the term of six years, and until their successors are elected or appointed, and qualified; and the right of such judges and chancellors to hold their offices for the full term hereby prescribed shall not be affected by any change hereafter made by law in any circuit, division, or county, or in the mode or time of election."

"Section 158. Vacancies in the office of any of the justices of the supreme court *or judges who hold office by election,* or chancellors of this state, shall be filled by appointment by the governor. The appointee shall hold his office until the next general election for any state officer held at least six months after the vacancy occurs, and until his successor is elected and qualified; the successor chosen at such election shall hold office for the unexpired term and until his successor is elected and qualified." (Emphasis ours.)

Thus the Constitution of Alabama itself establishes a probate court and further authorizes the legislature to establish in each county a court of probate. (Sections 139 and 149, supra.)

■ The probate court is a court of record and is presided over by a probate judge who must be elected by qualified electors of the county for which such court is established. (Section 152, supra.) It is a court vested with original and general jurisdiction in practically all matters having to do with probate and administration of decedents' estates or with orphans' business. Gardner v. Gardner, 244 Ala. 107, 11 So. 2d 852; Jordan v. Jordan, 251 Ala. 620, 38 So.2d 865. Its judgments and decrees are entitled to the "same validity and presumption which are accorded to judgments and decrees of other courts of general jurisdiction." Section 278, Title 13, Code of Alabama 1940; Blount County Bank v. Barnes, 218 Ala. 230, 118 So. 460. See also Chaffin, Suggestions for Improving Probate Court Organization and Procedure in Alabama, 10 Ala.L.Rev. 18.

In *non-contested* matters the chief clerk of the probate court may admit wills to probate, issue letters testamentary, and pass upon and settle accounts of the personal representative of a decedent. Section 300, Title 13, Code of Alabama 1940.

Pending House Bill 152 applicable to counties having a population of 600,000 or more according to the last or any subsequent federal decennial census would provide for an assistant judge of probate, who may be designated associate judge of probate, who shall be learned in the law, and who shall be appointed by the judge of probate from a list of three eligibles selected and submitted to him by a committee provided for in the bill. Vacancies in this newly created position of assistant or associate probate judge would be filled in like manner.

By Section 2 of the bill the probate judge is empowered to delegate to the assistant judge of probate all such administrative *and judicial* duties and authority with which he is charged by law, as in the discretion of the probate judge may be necessary or convenient for the efficient operation of the probate court of such county.

It is further provided in Section 2 of the bill that such assistant judge shall have, among other powers, the following:

"4. To admit wills to probate and record and to pass and allow accounts of executors, administrators and guardians.

\* \* \* \* \* \*

"6. To do all other acts and things and perform all other duties, ministerial *and judicial,* that the judge of probate could do and perform, except to hear and grant writs of certiorari and writs of habeas corpus." (Emphasis ours.)

Under Section 7 of the pending bill, it is provided among other things, that:

"All of the official acts of such Assistant Judge of Probate shall be performed in the name of the judge of probate, except when there is a vacancy in that office. During the absence, sickness, disability or any disqualification of the judge of probate, the Assistant Judge shall have full power and authority to perform any of the duties, sit on any commission, board or appointing authority, and shall exercise the same rights and acts as the judge of probate is authorized or required by law."

Under the provision of Section 5 of the bill the assistant probate judge (or associate judge) shall hold office for the term of the judge appointing him, but subject to removal by the judge for cause by order to be entered on the minutes of the court.

While it has been held that under the provisions of Section 139, supra, the legislature may by law invest any person with powers of a judicial nature, (Boyd v. Garrison, 246 Ala. 122, 19 So.2d 385; Ex parte Darnell, 262 Ala. 71, 76 So.2d 770), it must be remembered that House Bill 152 in effect creates an assistant or associate probate judge empowered to perform all the duties of a judge of probate, ministerial and judicial, except to hear and grant writs of certiorari and writs of habeas corpus. Yet, under the provisions of the bill these duties can be performed only under the general authority, supervision, and direction of the judge of probate. Thus, while seemingly conferring judicial power on the assistant or associate probate judge on the one hand, such power is denied on the other hand, in that the attempted exercise of judicial power by the assistant or associate probate judge can only be done under the authority and supervision of the probate judge. This presents an anomolous situation in and of itself.

■ The function of a "judge" is to determine controversies between litigants, and they are not advisers. In re Richardson, 247 N.Y. 401, 160 N.E. 655. A "judge" is one who presides over a court. State ex rel. Madden v. Crawford, 207 Or. 76, 295 P.2d 174. His "judicial acts" are the performance of duties which have been confided to him as a judicial officer to be exercised in a judicial way. Supervisors of Onondaga v. Briggs, (N.Y.) 2 Denio 26.

As stated by Chancellor Kent, "The general rule is that judicial offices must be exercised in person, and that a judge cannot delegate his authority to another. I do not know of any exception to this rule with us." 3 Kent Com. 12th Ed. 457.

■ House Bill 152 does not assume to create a court. Indeed, courts of probate are established by Section 139 of our Constitution. The bill seeks to establish the office of a deputy probate judge. As stated in State of Indiana ex rel. Hovey v. Noble, 118 Ind. 350, 21 N.E. 244, 4 L.R.A. 101, " \* \* \* a deputy judge is a thing unheard of in jurisprudence, and unknown to the constitution."

In the aspect just written to, House Bill 152 affronts Sections 139 and 149 of our Constitution.

■ It is also our conclusion that House Bill 152 is unconstitutional in attempting to provide that the assistant or associate probate judge shall be appointed by the probate judge from a list of eligibles nominated

by a selection committee provided for in the bill.

Section 152 of our Constitution specifically provides that judges of probate shall be elected by the qualified electors of a county, while Section 158 provides that vacancies in the office of any judges who hold office by election shall be filled by appointment by the governor, the appointee to hold office until the next general election for any state officer held at least six months after the vacancy occurs.

House Bill 152 would in effect provide for the appointment of an assistant, or associate probate judge empowered to perform the judicial acts of the probate judge except in the rather limited matters of issuing writs of certiorari or habeas corpus. As before noted, such assistant "judge", under the provisions of the bill, would act under the supervision of the duly elected probate judge. This supervisory limitation, if given effect, would at once destroy the assistant probate judge's status as a judge. If not given effect, then the result would be the appointment of a probate judge, though designated "assistant probate judge", contrary to the mandatory provisions of Sections 152 and 158 of our Constitution.

In our consideration of the questions now presented to us, we have not overlooked Amendments 83 and 110 to our Constitution. These amendments relate solely to vacancies in the office of judge of the circuit court holding at Birmingham and are inapplicable to the office of probate judge.

It is our opinion, considering what we have written above, that your question No. 3 must likewise be answered "yes."

In view of what we have advised above, no need arises to consider questions 1 and 2, questions 3 and 4 being answered in the affirmative.

We do not wish to be understood in what we have written above as advising that the legislature might not provide for an additional probate judge for counties of over 600,000 population, to be elected, or ap-

pointed in case of a vacancy, but in compliance with existing constitutional provisions.

Respectfully submitted,

J. ED LIVINGSTON
Chief Justice

THOMAS S. LAWSON

ROBERT T. SIMPSON

JOHN L. GOODWYN

PELHAM J. MERRILL

JAMES S. COLEMAN, JR.

ROBERT B. HARWOOD
Justices