223 So.2d 611

**Robert Elmore WRIGHT**

v.

**CITY OF DEMOPOLIS.**

**2 Div. 212.**

Court of Appeals of Alabama.

May 27, 1969.

Gray, Seay, Langford & Pryor, Montgomery, for appellant.

Lloyd & Dinning, Demopolis, for appellee.

PRICE, Presiding Judge.

One Robert Elmore Wright was tried and convicted in the Recorder's Court of Demopolis, Alabama, upon the following affidavit and warrant:

"AFFIDAVIT AND WARRANT

Personally appeared before me, A. E. Cooper, Chief of Police Judge of the Recorder's Court of the City of Demopolis, Alabama, L. C. Johnson who being by me first duly sworn, says on oath that he has probable cause for believing and does believe that within twelve months before the making of this affidavit and within the City of Demopolis, Alabama or within the Police Jurisdiction thereof Robert Elmore Wright did commit the offense indicated below by an "X" mark: Robert Elmore Wright without legal cause or good excuse did go on the premises of U. S. Jones School Grounds after Being warned within Six months preceddin (sic) not to do so By A. A. Knight City Supt of Schools contrary to and in violation of City Ordinance No. _____ of the said City of Demopolis. against the peace and dignity of the State of Alabama.

L. C. Johnson

Sworn to and subscribed before me this 15 day of Aug., 1967.

A. E. Cooper

Recorder Chief of Police

"Complaint on oath having been made before me that the offence(s) as set forth in the above affidavit (Trespass after Warning) has been committed in the said City of Demopolis or within the Police Jurisdiction thereof, and accusing (Robert Elmore Wright) the person named in said affidavit, you are therefore commanded to arrest him (her) and bring him (her) before me at the term of this said Court next succeeding said arrest.

Given under my hand this 15 day of Aug., 1967.

A. E. Cooper

Recorder Chief of Police

CITY WITNESSES:

"I have executed the within writ by arresting Robert Elmore Wright and committing his (sic) to jail. 15 day of August, 1967. A. E. Cooper Chief of Police By L. C. Johnson Police."

On appeal to the circuit court, where he was again convicted, no complaint anew was filed.

■ In Ex parte McElroy, 241 Ala. 554, 4 So.2d 437, the court pointed out that the proceedings in the recorder's court are governed by the statutes regulating appeals from justices of the peace in criminal cases, Title 37, Section 464, code 1940, which in turn are governed by the statutes regulating the trial of appeals from the county court, Title 13, Secs. 428, 429, code, and that Section 327 of Title 13, provides for the issuance of a warrant of arrest by the judge of the court or by a justice of the peace on affidavit when there is probable cause for believing the offense alleged in the affidavit has been committed.

■ The duty imposed by Section 327, Title 13, Code, supra, is a Judicial Act, to be exercised only by those designated therein. It is fundamental that the functions of hearing complaints and issuing warrants cannot be delegated by the Judge to any other person.

The record shows a judgment rendered on August 19, 1967, by "E. E. Partridge Recorder." No authority is shown in the Chief of Police to take the affidavit of L. C. Johnson, who signed the complaint, or to issue the warrant. See Mancusi v. DeForte, 392 U.S. 364, 88 S.Ct. 2120, 20 L.Ed.2d 1154, on the question of a neutral and detached magistrate.

■■ Where the affidavit is made before an unauthorized person and the warrant of arrest is issued by him the court does not acquire jurisdiction. 62 C.J.S. Municipal Corporations § 322. The affidavit was null and void and will not support a conviction. There being no jurisdiction for either the municipal court or the circuit

court to proceed, defendant's conviction was void.

▮ It affirmatively appears from the record that the alleged offense is barred by the statute of limitations, rendering it unnecessary to remand the cause, hence an order is here entered dismissing this appeal and discharging the defendant.

In view of the order hereinabove entered, there is no necessity for a discussion of certain rulings in the circuit court insisted upon on error.

Appeal dismissed.

Defendant discharged.