NED WILLIAMS, APPELLANT, v. MUNICIPAL JUDGE OF THE CITY OF LAS VEGAS, NEVADA, RESPONDENT.

No. 5731

July 8, 1969                              456 P.2d 440

*Charles L. Kellar,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General; *Sidney R. Whitmore,* City Attorney, and *Heber P. Hardy,* Deputy City Attorney, City of Las Vegas, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

Appellant, Ned Williams, was arrested in Las Vegas on the charge of carrying a dangerous weapon in his automobile, which offense is a misdemeanor and a violation of Las Vegas, Nev., Code § 6–3–7 (1960). The police officer who signed the complaint against Williams did so in the presence of a notary public rather than before a magistrate, as prescribed in NRS 171.102.[1] Williams entered a plea of guilty to the charge and was fined $500. He then secured the services of an attorney and appealed to the district court, where he moved to dismiss the complaint on the ground that it was fatally defective because it had not been made under oath before a magistrate as required by NRS 171.102, supra. The district judge granted Williams' motion and ". . . ORDERED that the complaint on file herein be, and the same hereby is, dismissed on the ground

---

[1] Complaint defined. The complaint is a written statement of the essential facts constituting the public offense charged. It shall be made upon oath before a magistrate.

that appellant herein did not knowingly waive the defect in said complaint resulting from the failure of the verification thereof to comply with NRS 171.102.

"IT IS FURTHER ORDERED that said dismissal be and the same is without prejudice to the respondent to file a new complaint, properly verified, in the Municipal Court of the City of Las Vegas."

The City of Las Vegas ("City") promptly filed a new complaint, and Williams was again arrested. His counsel then filed in the district court this application for habeas; on three grounds: (1) City does not have the power to enact ordinances and provide penalties for their violation; (2) the Constitution of the State of Nevada requires that the prosecution of the complaint be brought in the name of the State and precludes City from maintaining the action; and (3) the filing of the second complaint by City places Williams twice in jeopardy and is in derogation of his constitutional rights as provided in the Constitutions of the United States and the State of Nevada. The district judge denied the application for habeas and ordered that Williams be held for trial, which rulings we affirm.

1. City does have the power to enact ordinances and provide penalties for their violation. The Las Vegas City Charter, ch. II, § 31, ¶ 1, approved by the State Legislature, empowers City's board of commissioners "To make and pass all ordinances, resolutions, and orders, not repugnant to the constitution or statutes of the United States or of the State of Nevada." Paragraph 89 of the above section of the Charter provides that the board of commissioners shall have the power:

"To adopt and enforce by ordinance all such regulations in case no express provision is in this act made, as the board of commissioners may from time to time deem expedient and necessary for the promotion and protection of health, comfort, safety, life, welfare, and property of the inhabitants of the said city, the preservation of peace and good order, the promotion of public morals and the suppression and prevention of vice in the city, and to pass and enact ordinances of any other subject of municipal control or to carry into force or effect any further powers of the city, and to do and perform any, every, and all acts and things necessary or required for the execution of the powers conferred or which may be necessary to fully carry out the purpose or intent thereof."

Appellant argues that such power is restricted to the Legislature, for the reason that the various municipalities so authorized to enact ordinances and provide for their penalties would

not do so with uniformity. We reject this contention as wholly untenable. City, by virtue of its charter, has been given the power to pass and adopt ordinances for the purpose of promoting and protecting the health, safety, and welfare of its citizens, and even, if necessary:

"To declare by ordinance that any offense made a misdemeanor by the laws of the State of Nevada shall also be deemed to be a misdemeanor in the city of Las Vegas whenever such offense is committed within the boundaries of said city." Las Vegas, Nev., Charter, ch. II, § 31, ¶ 77.

2. It is constitutionally permissible for City to prosecute violations of its ordinances in City's name rather than in the name of the State. The recent case of McGill v. Chief of Police, 85 Nev. 307, 454 P.2d 28 (1969), is dispositive of this issue. There we said, at 309:

"3. Petitioner protests also that the claimed violation of the ordinance should have been prosecuted in the name of the State of Nevada. She cites various provisions of the Nevada Constitution but fails to place sufficient emphasis on Nev. Const. art. 8, § 1, which allows special charters, thus exempting city ordinances and such charters from the prohibitions against the special laws of art. 4, § 20, upon which appellant relies. The city charter of Las Vegas provides in several places for prosecution in the name of the city."

Other courts have so ruled. In City of Seattle v. Chin Let, 52 P. 324, 325 (Wash. 1898), the court said:

"3. It is also urged by respondent that section 27, art. 4, of the constitution, requires all prosecutions to be conducted in the name of the state of Washington, and therefore the present action cannot properly be prosecuted in the name of the city of Seattle. We think the 'prosecutions' referred to in section 27, supra, are prosecutions for the violation of the general laws of the state, and that that section does not apply to prosecutions for the infraction of town or city ordinances. City of Davenport v. Rice, 75 Iowa 74, 39 N.W. 191; City of St. Louis v. Vert, 84 Mo. 206; City of Mankato v. Arnold, 36 Minn. 62, 30 N.W. 305."

And in City of Chicago v. Berg, 199 N.E.2d 49, 51 (Ill.App. 1964), the court ruled that complaints for violations of city ordinances had to be prosecuted in the name of the city:

". . . it has long been held that the constitutional provision requiring prosecutions to be brought in the name and by the authority of the people is applicable only to criminal offenses in

violation of the state laws; likewise it has long been held that actions to enforce municipal ordinances must be brought in the corporate name of the municipality. Town of Lewiston v. Proctor, 27 Ill. 414; City of Chicago v. Kenney, 35 Ill.App. 57; Town of Partridge v. Snyder, 78 Ill. 519."

3. Double jeopardy has not attached by the filing of the second complaint against Williams. Williams maintains that if he is tried by City under the pending complaint he will have been twice placed in jeopardy, in derogation of his constitutional rights. We do not agree. The first complaint was dismissed by the district judge "without prejudice" to City because it was defective on its face. Such a dismissal is not an acquittal of the charge. NRS 174.085 provides, in part, as follows:

"Proceedings not constituting former acquittal; effect of acquittal on merits; effect of conviction, acquittal or jeopardy as bar; cause may be retried after discharge of jury; exception.

"1. If the defendant was formerly acquitted on the ground of variance between the indictment, information or complaint and proof, *or the indictment, information, or complaint was dismissed upon an objection to its form or substance,* or in order to hold the defendant for a higher offense without a judgment of acquittal, *it is not an acquittal of the same offense.*" (Emphasis added.)

In In re Alexander, 80 Nev. 354, 357, 359, 393 P.2d 615, 616, 617 (1964), this court held: "This court, citing In re Waterman, 29 Nev. 288, 89 P. 291, 11 L.R.A., N.S., 424, held 'that there can be no conviction for or punishment of a crime without a formal and sufficient accusation; that, in the absence thereof, a court acquires no jurisdiction whatever, and if it assumes jurisdiction such trial and conviction would be a nullity * * *.'

". . . .

". . . . An acquittal or a conviction by a court having no jurisdiction is void; therefore, it is not a bar to subsequent indictment and trial by a court which has jurisdiction over the offense. United States v. Sabella, 2 Cir. 1959, 272 F.2d 206; United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); Kepner v. United States, 195 U.S. 100, 24 S.Ct. 797, 49 L.Ed. 114. See 16 Rutger's Law Review, 1961–62, 598."

Because the initial complaint was fatally defective, the municipal court never acquired jurisdiction over Williams. Since the court was without jurisdiction, Williams' conviction

was void. Therefore, the prior conviction is not a bar to the present proceedings, and double jeopardy has not attached.

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.