228 So.2d 857

**Guy H. MOUNT**

**v.**

**STATE.**

**7 Div. 13.**

Court of Criminal Appeals of Alabama.

Nov. 25, 1969.

James F. Hinton, Gadsden, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

CATES, Judge.

Appeal from conviction under a solicitor's complaint, on trial de novo, of a charge of possessing obscene material.[1] Sentence, after verdict, six months in the Etowah County Jail.

## I

The search warrant, dated August 4, 1965, was not issued by the County Court Clerk but by his assistant who used the clerk's name without any indication of deputization. The clerk was not in the courthouse when the affiant applied, nor did he appear before the clerk for the warrant of concern. See Act No. 91, June 27, 1963, p. 475[2]; Womack v. State, 281 Ala. 499, 205 So.2d 579.

Under Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, the issuance of a search warrant is a judicial function. The performance of judicial acts is nondelegable. Opinion of the Justices, 280 Ala. 653, 197 So.2d 456; Wright v. City of Demopolis, 45 Ala.App. 69, 223 So.2d 611.

---

1. "The State of Alabama, by its Solicitor, complains of Guy H. Mount that within Twelve months before the commencement of this prosecution, he did, with the knowledge of its contents, have in his possession obscene printed or written matter or material, other than mailable matter, contrary to law and against the peace and dignity of the State of Alabama."

2.  § 4, Act No. 91, in part, reads:
"* * * [The. clerk] shall have the power and authority to take affidavits and issue search warrants and warrants of arrest thereon, making same return-able to the court hereby established. * * * The court of county commissioners shall provide the clerk such deputies and assistants as may be reasonably necessary for the proper discharge of his duties. * * *"
We forego consideration of the various claims of unconstitutionality. Certainly, under Goolsby v. State, 213 Ala. 351, 104 So. 901, § 15 of Act 856, September 8, 1961, p. 1310, conflicts with Bailey v. Alabama, 219 U.S. 219, 31 S.Ct. 145, 55 L.Ed. 191. However, the State charged Mount with mere possession, an offense separate from commercial manucaption. § 4, Act 856, supra.

We construe § 4 of Act 91 as not conferring *judicial* powers (as distinguished from *clerical*) on the deputies and assistants of the Clerk of the County Court. Constitution 1901, § 139.

## II

Apart from the voidness of the warrant, we note that the alleged offending cinematic film was seized in Mount's home. We find nothing in the record to distinguish the facts here from those in Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542.

The judgment below is due to be reversed and the defendant discharged sine die.

Reversed and rendered.