No. 22843.

LEE ERVERT HUFF v. THE POLICE COURT OF THE CITY OF COLORADO SPRINGS, A MUNICIPAL CORPORATION, AND ROBERT M. ISAAC, POLICE MAGISTRATE OF THE POLICE COURT OF THE CITY OF COLORADO SPRINGS, A MUNICIPAL CORPORATION.

(480 P.2d 561)

Decided February 1, 1971.

GIBSON, GIBSON, COLE & GERDES, for plaintiff in error.

WILLIAM T. ECKHART, for defendants in error.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

HUFF's complaint, in the nature of prohibition, sought a declaration in the district court that the police court

had no jurisdiction over the subject matter of a pending proceeding therein against him. An order to the police court to show cause was issued. After hearing, it was discharged, and judgment of dismissal of the complaint was entered. The district court found that the police court has jurisdiction over the subject matter. We disagree and therefore reverse the judgment of the district court.

Huff was served with a document captioned "Non Traffic Notice and Complaint" on June 10, 1966. The complaint alleged violations of the 1958 Code of Colorado Springs relating to zoning and non-conforming use of land, and was signed by one Neil Cizek, an employee of the Regional Building Department. Huff's motion to dismiss the action was denied by the police court. Thereupon, he filed a complaint in the district court seeking to restrain the police court from further proceedings against him on the ground that the police court lacked subject matter jurisdiction in the action because the "Non Traffic Notice and Complaint" was required to be issued only by the police magistrate, pursuant to Sections 2-177 and 2-184 of the 1958 Code of the City of Colorado Springs. After a hearing on the matter, the district court held that the police court did have jurisdiction over the subject matter and over the person of Huff and thereupon dismissed his complaint.

Colorado Springs is a home rule city and pursuant to its charter adopted the above cited ordinances. The 1958 Colorado Springs Code provides for the establishment of a police court and states that the police magistrate shall preside over the police court. It also provides that the police court shall have original jurisdiction over all causes arising under the 1958 Code or any other ordinances of the city. The pertinent sections of the 1958 Colorado Springs Code are:

"Section 2-177. Examination of affidavits and complaints and issuance of summons and warrants: The police magistrate shall at all times receive and examine affi-

davits and complaints for the violation of any provision of this Code or any other city ordinance, or any misdemeanor under the Charter, and shall issue a summons or warrant in every case where there is probable cause to believe that an offense has been committed."

"Section 2-184. Process-Issuance; attestation. *All process issued from or out of the police court* shall run in the name of the people of the state and *shall be signed or attested by the police magistrate."* (Emphasis added.)

 Colo. Const. art. XX, § 6(b) authorizes the creation of police courts by home rule cities and grants such cities the power to define and regulate the jurisdiction of such courts and to provide for the appointment of officers for these courts. Under this grant of power, the City of Colorado Springs pursuant to its charter, set up a police court in accord with the provisions of its city Code. Section 2-184, *supra,* states that "All process issued from the police court . . . shall be signed or attested by the police magistrate." No other 1958 Code section deals with the issuance of process by the police court. In the absence of any other 1958 Code provision, the sole authority for issuance of process rests with the police magistrate per Section 2-184. See 9 *McQuillan, Municipal Corporations* § 27.08 (3rd ed. rev. 1964); *Kansas City v. Asby,* 377 S.W.2d 511. The "Non Traffic Notice and Complaint," having been issued by one other than the police magistrate, is a nullity, since absent a Code provision, there is no authority for such issuance by anyone other than the police magistrate. It follows that the police court does not have jurisdiction over the subject matter under this void process. See *Williams v. Municipal Judge of the City of Las Vegas,* 85 Nev. 425, 456 P.2d 440; *Wright v. City of Demopolis,* 45 Ala. App. 69, 223 So.2d 611.

Parenthetically, we note that Section 1-24(b)(3) of the 1968 Revised Code of the City of Colorado Springs provides for the issuance of a summons and complaint by a peace officer for an offense committed in his

presence or for which he has reasonable grounds for believing that the offense was committed by the person charged.

■ No similar provision is included in the 1958 Code, but even if it was, it would not have been authority for the employee of the Regional Building Department to issue the process involved here.

■ Defendants cite *Harris v. Municipal Court*, 123 Colo. 539, 234 P.2d 1055, for the proposition that the entire proceeding is a civil action and that the defect could have been cured because it was not jurisdictional. The situation here is different than that in *Harris*. There, the complaint was not signed by the complaining officer, it was left blank; however, the *officer was authorized by law to issue such complaint*. We held that the failure to sign the complaint was not jurisdictional and that it was subject to correction by the court. In the instant case, the complainant has no legal authority to issue process. Accordingly, the defect is jurisdictional and the court cannot cure such a defect.

■ Defendants urge that Huff waived any jurisdictional defects by making his appearance before the police court. While it is true that in certain circumstances jurisdiction over the person may be waived by making an appearance before the court, the general rule is that jurisdiction over the subject matter is never waived. *Wink v. Marshall*, 237 Or. 589, 392 P.2d 768; 56 A.L.R. 2d 838 (1957); 21 Am. Jur. 2d *Criminal Law* §§ 379, 390 (1965).

While we do not decide this case on the civil-criminal preceedings distinction urged by the parties, we do note that the strong trend of authority is to afford the protections of criminal procedure to one charged with the violation of a municipal ordinance. See *Canon City v. Merris*, 137 Colo. 169, 323 P.2d 614; *Pickett v. City of Boulder*, 144 Colo. 387, 356 P.2d 489; *Austin v. City and County of Denver*, 170 Colo. 448, 462 P.2d 600; *Camera*

*v. Municipal Court*, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930.

Judgment reversed and cause remanded for compliance with this Court's holding herein.