To the Members of the Senate
State Capitol
Montgomery, AL 36130
Dear Mesdames and Sirs:
Yesterday, we received your Senate Resolution 440 (a copy of which is attached),[1] in which you requested our opinions relative to “H. B. 990, as substituted in the Senate, of the 1978 Regular Session,” (a copy of which is also attached)[2] which bill pertains to creating the office of Assistant Judge of Probate of Jefferson County, Alabama, and provides for his appointment, qualifications, duties and benefits. The questions you have posed and our answers are as follows:
“1. Does this bill propose a local law violative of Article 4, Section 105 of the Constitution?”
Our answer is No, so far as we have been able to determine.
*649 “2. Does Section 1 of this bill contravene Section 6.13 of Amendment No. 328 to the Constitution?”[3] Our answer is yes.
“3. Does Section 1 of this bill contravene that provision of Section 6.14 of Amendment No. 328 to the Constitution which provides in pertinent part that: ‘Vacancies in any judicial office shall be filled by appointment by the governor?’ ”[3]
Our answer is yes.
“4. Do the provisions of the bill provide for an unconstitutional delegation of judicial power in contravention of Amendment No. 328 to the Constitution?”
In view of the answers we have already given to questions 2, and 3, it does not appear to us that it is necessary to answer this question. Moreover, the question is altogether too general, pertaining to the whole of “The Judicial Article.”[3]
We shall now elaborate on our answers.
With respect to our answer to question 1, clearly this bill does propose a “local law” as that term is defined in § 110 of the Constitution, being “a law which applies to any political subdivision or subdivisions of the state less than the whole,” namely, Jefferson County. However, the prohibition of § 105 is that
“No special, private, or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law * * *.”
Whether this local law is prohibited by § 105 depends, then, on whether there is a general law providing for the creation of the office of Assistant Judge of Probate. In the limited time which we have had to search the statutes, we have not been able to find any provision of general law providing for such an office as Assistant Judge of Probate. Assuming that this office is not “provided for by” the general law pertaining to the office of Probate Judge [§ 12-13-30 to § 12-13-70], we answer this question in the negative.
With respect to our answer to question 2, § 6.13 of amendment No. 328 to the Constitution (“The Judicial Article”) states:
“All judges shall be elected by vote of the electors within the territorial jurisdiction of their respective courts.”
This bill contravenes that section because it provides for the appointment of the Assistant Judge of Probate in Jefferson County by the Judge of Probate.
With respect to our answer to question 3, § 6.14 of amendment No. 328 specifically provides:
“Vacancies in any judicial office shall be filled by appointment by the governor; however, vacancies occurring in any judicial office in Jefferson County shall be filled as now provided by Amendments 83 and 110 to the Constitution of Alabama of 1901 ...”
Amendments 83 and 110 are not applicable to the office of Judge of Probate. Opinion of the Justices, 280 Ala. 653, 197 So.2d 456 (1967). Therefore, it appears to us such appointment would have to be made by the governor.
Yours sincerely,
s) C. C. TORBERT,
Chief Justice,
s) JAMES N. BLOODWORTH
s) HUGH MADDOX
s) RENEAU P. ALMON
s) JANIE L. SHORES
s) ERIC EMBRY,
s) SAM A. BEATTY
Associate Justices
APPENDIX A
SR 440 REQUESTING AN ADVISORY OPINION OF THE JUSTICES OF THE SUPREME COURT RELATIVE TO H. B. 990, AS SUBSTITUTED, OF THE 1978 REGULAR SESSION
BE IT RESOLVED BY THE SENATE OF THE LEGISLATURE OF ALABAMA, That we do respectfully request the Honorable Chief Justice and Associate Justices of *650 the Supreme Court, or a majority of them, to give this body their written opinions of the following important constitutional questions which have arisen concerning the pending H. B. 990, as substituted in the Senate, of the 1978 Regular Session, which bill pertains, inter alia, to creating the office of assistant judge of probate of Jefferson County and providing for his appointment, qualifications, duties and benefits. Copies of said bill as substituted are attached hereto and made a part hereof by reference.
1. Does this bill propose a local law vio-lative of Article 4, Section 105 of the Constitution?
2. Does Section 1 of this bill contravene Section 6.13 of Amendment No. 328 to the Constitution?
3. Does Section 1 of this bill contravene that provision of Section 6.14 of Amendment No. 328 to the Constitution which provides in pertinent part that:
“Vacancies in any judicial office shall be filled by appointment of the governor?”
4. Do the provisions of the bill provide for an unconstitutional delegation of judicial power in contravention of Amendment No. 328 to the Constitution?
RESOLVED FURTHER, That the Secretary of the Senate is hereby directed to send sufficient copies of the pending H. B. 990, as substituted, with attachments to the Clerk of the Supreme Court of Alabama and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this resolution.
APPENDIX B
Senate LL No. 2 Substitute to H. B. 990
SYNOPSIS: This bill creates the office of assistant judge of probate of Jefferson County and prescribes the qualifications, duties and benefits for such office.
A BILL TO BE ENTITLED AN ACT
To create the office of assistant judge of probate of Jefferson County; to prescribe the qualifications, duties and benefits for such office; and to repeal conflicting laws.
BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
Section 1. This act shall apply to the Office of Probate Judge of Jefferson County. There is hereby created the office of Assistant Judge of Probate in Jefferson County. Such judge shall be learned in the law, over the age of twenty-five years and a resident of Jefferson County for one year or more next preceding the date of taking office. He shall be appointed by the Judge of Probate from a list of three eligible persons selected and submitted to him as follows: If there is in such county a Judicial Commission pursuant to law or any amendment to the Constitution of Alabama to select eligibles for appointment to vacancies in the office of Circuit Judge in Jefferson County, the Judicial Commission shall accept applications and submit the names of the three best qualified persons to the Judge of Probate, in the same manner as the Judicial Commission would select eligi-bles for appointment to a Circuit Judge vacancy. If there is no such Judicial Commission in Jefferson County, or if such Judicial Commission fails to act, then a committee composed of three members — (1) one of whom shall be a circuit judge of Jefferson County appointed by the presiding judge of the circuit court of Jefferson County, (2) one shall be a practicing lawyer experienced in probate court matters in Jefferson County to be appointed by the president of the Bar Association having the largest membership in Jefferson County, and (3) one shall be a non-member of the Bar Association appointed by the county commission or other county governing body — shall receive applications and certify the three deemed best qualified for such office. Vacancies shall be filled in like manner. The members of such Judicial Commission or other committee shall serve without compensation for such services.
Section 2. Under the general authority, supervision and direction of the Judge of Probate, such Assistant Judge shall be the administrative officer of such probate *651 court, and further shall have the following authority and powers:
1. All of the powers, authority and responsibilities now vested or which may hereafter be vested by law in the chief clerk of such court.
2. All authority, powers, duties and responsibilities of the clerk-and-register of any such probate court, as provided in Act No. 558 of the Regular Session of 1959 of the Legislature of Alabama.
3. To serve as master and hold references in matters involving contested claims and ascertainments of condemnation awards, and make written report of the findings.
4. To appoint administrators ad litem and appoint notaries public and to appoint legal representatives for recipients of public assistance funds, when such duties and authority are vested in the judge of probate.
5. To hear and determine petitions for adoptions, change of names, legitimations, annexation and other municipal elections, and applications for commitment of mental patients.
6. To do all other acts and things and perform all other duties that the judge of probate could do and perform.
7. The Assistant Judge shall be a full-time employee and shall not engage in any other employment.
All of the official acts of such Assistant Judge of Probate shall be performed in his own name. The Assistant Judge of Probate may be appointed to serve as special judge of probate in accordance with such authority as is now provided by Section 12-13-37, Code of Alabama 1975.
Section 3. Such Assistant Judge of Probate, before he enters upon his duties, must take the oath directed to be taken by the officers of this state, and give bond, with surety, under the same conditions and penalties as are provided for the Probate Judge in Title 12, Chapter 13 of the Code of Alabama 1975, and other provisions of law applicable to such office in such county, the costs and expenses of which shall be paid for as costs of the official bonds for other county officers in such county are paid.
Section 4. The Assistant Judge of Probate shall be a county officer, and shall serve under the provisions of laws applicable to such office, and he shall be entitled to the same benefits as other county officers are entitled. He shall be subject to the same liabilities, penalties and responsibilities for his acts as are provided by law for or on the Judge of Probate. The Assistant Judge (or Associate Judge) shall hold office for the term of the Judge appointing him, but subject to removal by the Judge for cause by order to be entered at length on the minutes of the court. The salary for the Assistant Probate Judge shall be equal to 90% of the salary paid the Probate Judge of Jefferson County and such salary shall be paid and increased or lowered as the salary for the Probate Judge in Jefferson County is increased and lowered, and paid.
Section 5. The provisions of this Act are severable. If any part of the Act is declared invalid or unconstitutional, such declaration shall not affect the part which remains. This Act is cumulative.
Section 6. All laws or parts of laws which conflict with this Act are hereby repealed.
Section 7. This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.

. See Appendix A.

. See Appendix B.

. See Opinion of the Justices, 280 Ala. 653, 197 So.2d 456 (1967) where a similar question was answered in the affirmative with respect to then existing constitutional provisions.