853 P.2d 620

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Edward GAGE, Defendant–Appellant.**

No. 19208.

Court of Appeals of Idaho.

May 27, 1993.

Everett D. Hofmeister, Coeur d'Alene, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., for plaintiff-respondent. Mr. Henderson argued.

SWANSTROM, Judge.

This is a criminal misdemeanor case. Edward Gage received a citation from a Bonner County Building Inspector alleging violation of a county ordinance: building a structure without obtaining a permit. After Gage failed to appear in court on the date indicated on the uniform citation, the state charged Gage by criminal complaint with failure to appear. Eventually, the building code citation was dismissed; however, Gage was convicted of failure to appear and was fined $300. I.C. § 19-3901A. Gage appealed his conviction to the district court, which affirmed. Gage contends on this appeal that the uniform citation he received was invalid and therefore, he was not obligated to appear in court at the time indicated on the citation. We affirm the conviction for the reasons stated below.

Gage constructed a garage on his property in Bonner County without obtaining a building permit. After warning Gage of his non-compliance with the building permit requirement, Richard Cole, a Bonner County Deputy Building Inspector, signed the uniform citation as a "witnessing officer" and delivered it to Gage on November 30, 1989. The citation had also been signed by Bob Garrison, Bonner County Building Official; however, Garrison did not accompany Cole when he delivered the citation to Gage. The citation contained a summons directing Gage to appear in court on December 15. Gage refused to sign the citation underneath the line which read, "I acknowledge receipt of this summons and I promise to appear at the time indicated." Gage did not appear in court on December 15. Following its usual procedures, the clerk's office mailed Gage a letter dated December 20, 1989, directing him to either telephone the clerk's office or come in person to schedule another court date.

Because Gage did not appear or contact the court, the Bonner County Prosecutor charged him with failure to appear. Although the charge of building a structure without obtaining the required permit was eventually dismissed because the state failed to comply with a discovery order, the magistrate refused to dismiss the charge of failure to appear. At a trial before the magistrate, Gage was convicted of failure to appear. In both appeals he has taken, Gage contends that citation was invalid because it was not issued by a "peace officer;" and therefore, he was not obligated to appear in court as directed by the citation.

In a criminal case tried in the magistrate division and appealed to the district court, we review the magistrate's decision independent from the district court's decision just as we do in a civil case. *State v. Hayes*, 108 Idaho 556, 700 P.2d 959 (Ct. App.1985). The citation issued to Gage was facially valid, but Gage contends that it was invalid because the persons who filed and served the citation were not "peace officers" and lacked authority to issue it. Gage assumes, without citing any cases so holding, that he could choose to ignore a summons which was part of the citation directing him to appear in court. We will assume that beneath these shadowy arguments a question of jurisdiction

lurks. Accordingly, we will address the essential questions raised in this appeal.

. Gage has cited no authority addressing the legal effect of a citation issued by a person lacking power to issue the citation. *Huff v. Police Court of City of Colorado Springs,* 173 Colo. 414, 480 P.2d 561 (1971), involved a case where a building department employee issued a "Non Traffic Notice and Complaint." A statute provided that all process issued from the police court must be signed or attested by a police magistrate, and the complaint in question was not so signed or attested. The Supreme Court of Colorado held that the unauthorized process was void, and that the police court did not have *subject matter jurisdiction.* In a different vein, the Supreme Court of Nevada in *Williams v. Municipal Judge of City of Las Vegas,* 85 Nev. 425, 456 P.2d 440 (1969), held that a complaint signed in the presence of a notary public, rather than a magistrate as required by statute, was fatally defective and deprived the court of *personal* jurisdiction of the defendant. *See also Goodhart v. Court of Special Sessions,* 190 Misc. 572, 74 N.Y.S.2d 125 (1947), *aff'd* 273 A.D. 858, 77 N.Y.S.2d 149 (1948) (private citizen filing an information does not confer jurisdiction upon court where enforcement of building code is the exclusive realm of the building department); *Wright v. City of Demopolis,* 45 Ala.App. 69, 223 So.2d 611 (1969) (where chief of police did not have authority to take an affidavit or issue a warrant, the court does not acquire jurisdiction).

■ In this case, we need not decide whether the alleged defect deprived the magistrate division of the district court of either subject matter jurisdiction or of personal jurisdiction over Gage or, as Gage argues, merely results in an invalid citation which he could ignore. Rather, for reasons given below, we hold that the citation was issued and served by persons authorized to do these acts. When Gage chose to ignore the summons he subjected himself to the charge of "failure to appear," which is predicated upon two statutes. The pertinent provisions of these are as follows:

I.C. § 19–3901: [A]s to any misdemeanor or infraction triable by a magistrate, a *law enforcement officer* may, in lieu of making a written complaint, issue to the defendant a uniform citation containing a complaint and summons to appear in a form and in the manner prescribed by rule of the supreme court.... If the defendant fails to appear on a misdemeanor citation at the time indicated in the summons, the defendant may be prosecuted for the misdemeanor offense of failure to appear under section 19–3901A, Idaho Code. [Emphasis added.] I.C. § 19–3901A: Failure to obey citation for misdemeanor.—(a) It shall be unlawful for any person to fail to appear in court at the time promised on a misdemeanor citation or fail to appear at the time indicated on a misdemeanor citation served upon the defendant, regardless of the disposition of the charge upon which such citation was originally issued.

The term "law enforcement officer," as used in I.C. § 19–3901, is not defined in the statutes. Gage argues that the term is synonymous with "peace officer" as defined in I.C. § 19–5101(d):

any employee of a police or law enforcement agency which is a part of or administered by the state or any political subdivision thereof and whose duties include and primarily consist of the prevention and detection of crime and the enforcement of penal, traffic or highway laws of this state or any political subdivision.

Gage also recognizes the definition set forth in I.C. § 19–510: "a peace officer is a sheriff of a county, or a constable, marshal, or policeman of a city or town."

Gage notes Misdemeanor Criminal Rule (M.C.R.) 5(a) stating that a "peace officer may issue a uniform citation." He also notes M.C.R. 5(c) stating "that if the defendant fails or refuses to sign the written promise to appear, a *peace officer* may serve the citation on the defendant by personal delivery to him and indicate such service on the face of the citation." (Emphasis added.) Thus, he argues that by use of this language in its rules the Supreme Court must recognize that "law enforce-

ment officer" means "peace officer" as defined by the statutes.

In his brief Gage acknowledges that the Supreme Court has provided another definition of "peace officer" in M.C.R. 2(g). That rule states that a " 'police officer' or 'peace officer' includes a member of the Idaho State Police, a sheriff or deputy sheriff, a city policeman or marshal, a constable or any other officer duly authorized to enforce municipal, county, or state laws." However, Gage contends that the Court may not substitute its definition of "peace officer" for the definitions given by the legislature. Therefore, Gage argues, he could not be convicted of failure to appear on the citation because neither Cole, the building inspector, nor Garrison, the building official who supervised Cole, was a peace officer within the meaning of I.C. § 19–5101(d). Gage submits that, in carrying out their duties for the Bonner County Building Department, neither of these persons was an "employee of a police or law enforcement agency ... whose duties include and primarily consist of the prevention and detection of crime and the enforcement of penal ... laws of this state or any political subdivision."

The definition of "peace officer" in I.C. § 19–5101 is part of chapter 51 of title 19 of the Idaho Code dealing with "Peace Officer Standards and Training Council." This chapter defines which persons in law enforcement occupations are required to complete special law enforcement training before they can have and exercise statutory powers granted to "peace officers." I.C. § 19–5109(c). On the one hand, Gage argues that Cole and Garrison's duties as county building officials do not place them within the definition of "peace officer" in I.C. § 19–5101. On the other hand, he argues that neither officer could exercise any power conferred upon peace officers by statute because neither Cole nor Garrison has undergone the special training necessary for certification as a "peace officer."

In reply, the state contends that I.C. § 19–5101(d) simply defines which persons in law enforcement are required to have the police officers special training, and that building officials such as Cole and Garrison are not required to have this certification.

The state also notes evidence introduced at trial showing that each official also was a special reserve deputy sheriff who was still within the time limits for achieving certification as a peace officer. I.C. § 19–5109(c).

We agree with the state's argument that the definition of peace officer in I.C. § 19–5101(d) has no application in this case. We are persuaded that building officials Garrison and Cole were not required to hold certification as peace officers before they could issue and serve a valid citation for violation of the Bonner County building code.

Idaho Code § 19–3901 provides that a citation may be issued by a "law enforcement officer" and that "[t]he citation shall be processed in the courts as prescribed by rule of the supreme court." Absent a definition of "law enforcement officer" in Idaho Code Title 19, Chapter 39, we hold that the definition contained in M.C.R. 2(g) applies because it defines the term "peace officer" which is used in M.C.R. 5(a). Misdemeanor Criminal Rule 5 governs the use of citations. The definition of "peace officer" in M.C.R. 2(g) includes officials "authorized to enforce municipal, county, or state laws." The rule's definition encompasses a "law enforcement officer" and is consistent with other statutes relevant to enforcement of building codes in this state.

We take judicial notice of "The Idaho Building Code Advisory Act of 1975," as amended, which is codified in I.C. §§ 39–4101 to –4129. By this Act, the Uniform Building Code (UBC) was adopted in Idaho and has been in effect at all times relevant to this case. The UBC sets minimum standards and requirements for construction applicable to all buildings and construction within the state, except as otherwise provided in the Act. I.C. §§ 39–4101(2)(c), –4103(1). Local governments (cities and counties) may adopt local ordinances incorporating and supplementing the latest mandatory provisions of the UBC. I.C. § 39–4116(1). Inspection and enforcement of these codes may be provided by the local government. *Id.* Idaho Code § 39–4105(8) defines "Local inspection agency" to mean "the agency or agencies of local government with authority to make inspections of buildings and *to enforce the codes, laws,*

*rules and regulations of the state of Idaho* which establish standards and requirements applicable to the construction, alteration, repair, or demolition of buildings." (Emphasis added.)

The UBC also recognizes the authority of the local building official. For example, section 202(a) of the 1988 UBC, applicable in this case, provides: "The building official is hereby authorized and directed to enforce all the provisions of this code. For such purposes, *the building official shall have the powers of a law enforcement officer."* (Emphasis added.) Section 202(b) of the UBC provides that the building official may also deputize inspectors. Gage does not dispute that Cole was a Bonner County Building Inspector, nor does he raise any challenge to Cole's certification as such. *See* I.C. § 39–4108 (providing for certification requirements for inspectors). Similarly, Gage does not deny that Garrison, who also printed his name on the citation in his own handwriting, was the Bonner County Building Official.

Based on the above analysis, we conclude that both Garrison and Cole qualified as a "law enforcement officer" within the meaning of I.C. § 19–3901, and were authorized to issue a citation for an alleged violation of the Bonner County building code. Although no explicit "jurisdiction" argument has been made by Gage, we also conclude that the magistrate division of the district court did acquire personal jurisdiction over Gage when Cole served the summons upon him. The court always had subject-matter jurisdiction.

█ Gage next contends that the magistrate should have dismissed the failure to appear charge as a sanction against the state. He asserts that the magistrate indicated the case would be dismissed if the state did not comply with an order to compel discovery. The transcript of the proceedings before the magistrate indicates that the state did not meet the court's deadline for compliance. Gage erroneously asserts, however, that the magistrate stated that the entire case, including the charge of failure to appear, would be dismissed should the discovery order not be complied with. The transcript shows the following:

THE COURT: ... In reviewing the file I would note that on July 25 we had a hearing on a motion for an order compelling discovery, at that time the Court ordered that discovery be complied with not later than August 7 and although it's not in the order the Court signed I went back and listened to the tape and I—it was stated that if the State did not comply with discovery by August 7 the charge of building without a building permit would be dismissed and it has been so ordered on that and a formal dismissal has been signed by the Court. So we're here today to deal with the underlying charge of failure to appear for which a waiver of jury trial has been filed.

After the above quoted statement by the magistrate, Gage's counsel argued that the failure to appear charge should be dismissed because Gage was prejudiced by the failure to receive the discovery until immediately before trial. The magistrate disagreed, ruling that no prejudice had occurred. We concur with the magistrate. Gage has not demonstrated any prejudice resulting from the untimely compliance with the discovery order.

Next, Gage raises the issue of whether he was afforded a fair trial by an impartial tribunal. We decline to address this issue, however, because Gage has failed to support it with argument or authority. *State v. Burris*, 101 Idaho 683, 619 P.2d 1136 (1980).

Finally, we have considered Gage's other arguments attempting to justify his refusal or failure to respond to the summons in the citation. We find the arguments to be without merit. Because we are shown no reason for overturning the magistrate's judgment, we affirm the appellate decision of the district court upholding that judgment.

WALTERS, C.J., and SILAK, Acting Judge, concur.